*456 DECISION
This is an appeal from a decision of the Honorable Anita Fineday of the Leech Band of Ojibwe Tribal Court (the “Tribal Court”), dated December 20, 2006. The Appellants claim constitutional and statutory violations of the Minnesota Chippewa Tribe’s Election Ordinance, which sets a fee of $2.50 filing fee to run for office on the Leech Lake Reservation. The Leech Lake Reservation Business Committee (“RBC”) imposed an additional fee of $50 for background checks. Background checks are required by the Minnesota Chippewa Tribal Constitution and Election Ordinance to comply with the prohibition against felons running for elected office. For reasons stated as follows, the decision of the trial court upholding the election is affirmed.
PROCEDURAL HISTORY
This case began on February 7, 2006, with Appellants filing a petition with the Tribal Court. Appellants (“Challengers”) objected to election procedures and requested an emergency hearing to restrain the Tribe from continuing its election. Their claim is that they suffered irreparable harm through an additional fee imposed by the RBC for background checks.
STANDARD OF REVIEW
The Appellate Court reviews the Trial Court’s conclusions of law under a de novo standard of review. Findings of facts are subject to review under an abuse of discretion standard. The Leech Lake Court of Appeals defines abuse of discretion as a “Trial Court decision that is contrary to law or grossly unsound.” The Trial *457 Court’s holding that Appellants suffered no irreparable is reviewed under a de novo standard.
ISSUES PRESENTED
This Court has consolidated the matter into a single question that must be addressed: Is the decision by the RBC to impose an additional $50 fee to run for office barred by Election Ordinance # 10.
DISCUSSION
The Appellate Court has considered the Trial Court’s findings and we find no errors in the trial court’s decision that Challengers suffered no irreparable harm. We hold that the RBC has authority to impose an additional $50 fee to cover the cost for conducting background checks. Although we collectively dismiss the Challenger’s claims, we will discuss the merits of three Appellant-Challengers starting with Mr. Bibeau.
Challenger Bibeau suffered no irreparable harm because he fails to meet the Constitutional and Election Ordinance requirements to run for office. Under the Minnesota Chippewa Tribe’s Election Ordinance, a candidate for office must: (1) be an enrolled member of the Tribe; (2) be enrolled with the Reservation of his/her candidacy; (3) reside on the Reservation of his/her candidacy and enrollment; and (4) meet the requirements of Article IV. Section 4 of the Minnesota Tribal Constitution. He is not an enrolled member of the Leech Lake. Election Ordinance # 10 requires a candidate to be a resident. This requirement is unambiguous. The unambiguous language of the MCT Constitution provides that only members of their respective reservations may run for office.
Challenger Schaaf suffers no irreparable harm because he failed to appear at the emergency hearing and to complete the filing requirements for candidacy. A candidate must actually attempt to file the required candidacy forms. To establish irreparable harm, he must also present sufficient evidence that the imposed registration fee prevented him from running for office.
Challenger Storbakken is a tribal member and eligible to be a candidate, but we must also deny his claim challenging the constitutionality of the additional fee. This challenge is a test the Leech Lake Band’s constitutional authority to impose additional fees beyond those called for in the Minnesota Chippewa Tribal Election Ordinance # 10. We start with the presumption that the RBC actions are presumed constitutional and will give deference to discretionary decisions of the RBC unless the acts are facially unconstitutional or unconstitutional as applied.
The Election Ordinance provides as follows:
The Notice of Candidacy must be in writing, have the original signature of the candidate, comply with the requirements of subsection D. below, and be filed by the candidate in person. A filing fee will accompany each notice of candidacy. The amount of the fee will be Five Dollars ($5.00) for Officers (Chairperson, Secretary/Treasurer) and Two Dollars and Fifty Cents ($2.50) for Committeeperson.
We find that neither the Minnesota Chippewa Tribal Constitution or the Election Ordinance # 10 preempt the Leech Lake Tribal Council from passing resolutions or ordinances that may supplement or fill gaps in the Constitution or the Election Ordinance so long as those regulations are reasonable.
The Minnesota Chippewa Tribal Constitution (“MCT”) lacks a supremacy clause. If the MCT Constitution had a supremacy *458 clause, then a preemption issue would arise. If preempted by the Constitution or the Election Ordinance, then the RBC would lack authority to establish additional fees for candidates.
In this case, however, the MCT Constitution and Election Ordinance # 10 are silent regarding the RBC’s authority to enact additional fees. The Minnesota Chippewa Tribal Constitution lacks a supremacy clause. A supremacy clause would provide that any conflict between an RBC resolution and the MCT Constitution would be resolved in favor of the MCT Constitution.
We now look to MCT Election Ordinance # 10 to see if Minnesota Chippewa Tribe has directly spoken to the precise question at issue regarding the additional fee. If the intent of MCT is clear, the court must give effect to that intent. If however, the MCT has not directly addressed the precise question at issue, then the court does not simply impose its own construction. But rather, if the statute is silent or ambiguous with respect to the specific issue, then the question for the court is whether the RBC’s answer is based on a permissible construction of the statute.
The reasoning behind such deference to the RBC is that MCT has left a gap. which it appears as it has in this case, then this is viewed as a delegation of authority to the RBC to clarify or explain a this gap regarding the additional fees. This Court should not therefore substitute its own construction of a statutory provision for a reasonable interpretation made by the RBC.
The principle of law created is when MCT’s intent cannot be determined, the Court will accept the Tribal Council’s interpretation of an ambiguous ordinance or statute. Election Ordinance #10 is ambiguous when it comes to the ability of the Tribal Council to enact fees to cover the expense of a criminal background check. The interpretation of the Tribal Council is reasonable and well justified by the evidence presented at the hearing. Therefore this Court will not substitute its judgment for that of the Tribal Council and will uphold the $50 fee imposed by the Tribal Council as a legitimate exercise of their authority.
CONCLUSION
For the above stated reasons, this En Bane Appellate Panel concludes that the Trial Court did not err in its Order.